[No. B218663. Second Dist., Div. Eight. June 20, 2011.]

JEFFREY W. COWAN, Plaintiff and Respondent, v.
BORIS KRAYZMAN, Defendant and Appellant.

COUNSEL

Neil C. Evans for Defendant and Appellant.

Jeffrey W. Cowan, in pro. per., for Plaintiff and Respondent.

OPINION

**BIGELOW, P. J.**—Defendant and appellant Boris Krayzman appeals from a default judgment entered against him. Krayzman filed a motion to vacate the default. After the trial court issued a tentative ruling denying the motion, Krayzman attempted to withdraw the motion before it was to be heard. He then filed a second version of the motion. The trial court adopted its tentative ruling denying the first version of the motion to vacate as its final order and did not consider the second version of the motion. Krayzman contends the trial court erred by not considering his motion to vacate on its merits. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2008, Jeffrey W. Cowan filed a breach of contract complaint against Boris Krayzman. According to the complaint, Cowan, an attorney, had successfully defended Krayzman in an earlier lawsuit. The complaint alleged Krayzman failed to pay Cowan for his services and owed him over $45,000 in unpaid legal bills. Cowan's proof of service of summons indicated that on June 22, 2008, the summons and complaint were personally served on Krayzman. On July 23, 2008, Cowan, representing himself, filed a request for entry of default. The court clerk entered the default on July 23.

On July 28, 2008, Krayzman filed a motion to quash service of summons (motion to quash). Krayzman submitted a declaration stating that on or about June 27, 2008, he noticed a copy of the summons and complaint had been left "at or near" the front of his house when he was not home. Krayzman claimed he never received any other copy of the documents. On August 13, Cowan opposed the motion to quash, based on the declaration of the process server who had served the summons and complaint. The process server detailed his efforts to personally serve Krayzman and attested that on June 22, 2008, he gained access to Krayzman's housing complex. A man matching Krayzman's

description, at Krayzman's address, had opened the door to Krayzman's residence, acknowledged that he was Krayzman, but refused to take the summons and complaint. The process server dropped the documents on the floor of the open doorway and told Krayzman he had been served.

In September 2008, Cowan also filed a motion to strike Krayzman's motion to quash. Cowan informed the court he had not realized when he filed his opposition that the court had already entered a default against Krayzman. Cowan argued the court should not consider Krayzman's motion to quash since it was filed after the default was entered.

The motion was set to be heard on October 15, 2008. No transcript of this hearing is included in the record. According to Cowan's notice of ruling, the court's tentative ruling was to deny the motion to quash, on the grounds that it lacked jurisdiction to consider the motion because a default had already been entered against Krayzman, and that Krayzman's declaration that he had not been served was not credible.[1] Krayzman requested that the hearing be continued. The court granted the request and allowed Krayzman to file a motion to set aside the default, to be heard along with the motion to quash. The court ordered that no further documents were to be submitted on the motion to quash.

On October 29, 2008, Krayzman filed a motion to vacate the entry of default (motion to vacate). In declarations attached to the motion, Krayzman and his son stated they were unaware of the summons and complaint until June 27, 2008. Krayzman further declared that he retained counsel on or about July 7, 2008. Krayzman stated he did not know or understand that a default could be taken against him if he did not file a responsive pleading prior to July 23, 2008.

Krayzman's counsel also submitted a declaration indicating Krayzman retained him on July 7, 2008, and on July 28 he filed the motion to quash on Krayzman's behalf. Counsel declared that at the time he filed the motion he had not seen a proof of service and "reasonably believed that the facts regarding the attempted service," as stated in Krayzman's declaration, "were accurate and true." Counsel additionally asserted he "had no reason to question or challenge the facts as set forth in the Declaration in the Motion to Quash. Had I known, prior to July 23, 2008, of the potential dispute over the service of the Summons and Complaint, I would have filed a responsive pleading prior to the entry of the default in this matter." Based on the declarations, Krayzman argued the court should grant relief under the discretionary and mandatory relief provisions of Civil Code of Procedure section 473, subdivision (b) (Section 473(b)), and set aside the default.

---

[1] Krayzman did not object to the notice of ruling or Cowan's description of the proceedings.

In his opposition to the motion, Cowan asserted Krayzman's counsel's statements were untrue. Cowan declared that counsel previously told him Krayzman had not retained him until after the deadline to respond to the complaint had passed. Cowan further asserted the statement that counsel was "retained" was an improper legal conclusion unsupported by any related facts, such as whether Krayzman signed a retainer agreement on July 7, 2008, or tendered a retainer. Cowan also argued Krayzman's motion was defective because it was served less than 16 court days before the hearing, and the notice of motion and memorandum of points and authorities served on Cowan were unsigned.

Prior to the commencement of the November 20, 2008 hearing, the court issued a tentative decision denying the motion to vacate. Although Krayzman's counsel had checked in with the courtroom assistant on the morning of the hearing, when the court called the case he was no longer present.[2] The court denied the motion to quash and the motion to vacate. Later that day, Krayzman's counsel appeared and told the court he had previously checked in but left to make an appearance in another courtroom, and was thus absent when the case was called. The court vacated its previous orders and instructed Krayzman's counsel to contact Cowan to find a date for the motions to be argued.

The hearing was continued to December 11, 2008. At the beginning of the hearing, the court, apparently referring to the previous tentative, announced the motion to vacate was denied and the court saw no reason to change that decision. Krayzman's counsel responded that he had withdrawn the motions, and asserted the courtroom calendar clerk told him it was okay for him to withdraw the motions. The court noted that if Krayzman had withdrawn the motions he was in default. Cowan argued that Krayzman could not, as a matter of law, withdraw the motions since the court had issued a tentative ruling denying them. After listening to Cowan's argument, the following colloquy ensued:

"The Court: In any event, if you've withdrawn the motion to vacate, then you are in default.

"[Krayzman's counsel]: I understand. The only reason I appeared today is because the same person that advised me it was okay to withdraw the motion said we have an initial status conference.

"The Court: We have no initial status conference now because we are in default. I'll take a look at it. I'm going to take it under submission.

---

[2] The record does not include a transcript of this hearing. We rely on the minute order's summary of the proceedings.

Mr. Krayzman has no—assuming that the motion cannot be withdrawn, then the court's tentative will stand. If the motion is withdrawn, then there's a default, and I'll just give a date for an OSC re default prove-up."

The court took the matter under submission and told Krayzman's counsel he could not file a pocket brief on the issue unless the court requested one. The court also noted that Krayzman's counsel never gave the court or opposing counsel notice that he was withdrawing the motions. He responded that he had reserved a new date for a new motion, and suggested he wished to cure the first motion's inadequate notice.

Later that day the court issued the following written ruling:

"Defendant withdrew his motion for relief from default subsequent to entry of the tentative ruling on the Los Angeles Superior Court's internet site. Some days prior to hearing on the motion [that] ruling 'tentatively' denied his motion to vacate default. Defense counsel does not dispute these facts, and, in fact his counsel, in open court, now indicates that he undertook the withdrawal of the motion while fully intending to file yet another motion to vacate default with 'additional' facts. He did not, however, at any time seek leave to file such 'additional' facts respecting the motion then before the court and did not seek to do so ex parte following entry of the court's tentative ruling on the internet.

"The Court finds that withdrawal of the motion in the face of a negative tentative ruling contravenes principles enunciated in *Groth Brothers [Oldsmobile] Inc.* (2002) 97 Cal.App.4th 60, 71–72 [118 Cal.Rptr.2d 405] (cited with approval in *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 209 at fn. 17 [55 Cal.Rptr.3d 424] and see also California Rules of Court, Rule 3.1308) that permitting such withdrawal would undercut the basic principles of the tentative ruling system. At defense counsel's request, he shall have seven (7) days for [the] express purpose of providing the court in writing of case or statutory authority contrary to the *Groth* decision. This is not an opportunity to provide the court with further points and authorities on the issues presented in the motion, or with declarations or other evidence supporting the motion to vacate default. It is purely intended to provide Defendant with an opportunity to defeat or distinguish the *Groth* decision by way of contrary legal material."

In January 2009, Krayzman filed a second motion to vacate the entry of default. The second motion argued solely that the court should grant mandatory relief under Section 473(b) and set aside the default due to attorney fault. Krayzman's counsel again declared that Krayzman retained him on July 7, 2008, but explained he did not have Krayzman sign a retainer agreement at

that time because he "had already signed a Retainer Agreement in an underlying, related matter which [counsel] felt was broad enough to cover" the Cowan action. Counsel stated he would bring a copy of the agreement to the hearing on the motion in order to produce it for an in camera inspection if necessary to preserve the attorney-client privilege. Counsel admitted erring in failing to verify the date and manner of service of the summons and complaint. He further asserted Krayzman's failure to file a timely response to the complaint was "the direct result of [counsel's] determination and decision that a response was not due until July 29, 2008 . . . ."

The next hearing was held on April 14, 2009. The court announced its tentative ruling was to deny Krayzman's "motion."[3] Krayzman's counsel, appearing telephonically, first attempted to continue the hearing because he was unable to be physically present at court. Counsel represented that he had filed a notice of continuance and reserved a date in June for the hearing.[4] The court noted that the briefing was completed and counsel was appearing telephonically, thus there was no reason to postpone the hearing. Krayzman's counsel argued that he had withdrawn the original motion to vacate because he had served it one day late and he wanted the motion to be decided on the merits rather than on a procedural defect. Counsel further argued there was no legal authority for the proposition that Krayzman could not withdraw his motion after the court had issued a tentative ruling. As argument continued, Krayzman's counsel admitted that in the second motion to vacate the default, he attempted to address some concerns the court had raised in the tentative ruling denying the first motion.

The court issued a lengthy written ruling in which it indicated it did not believe several of Krayzman's counsel's representations to the court. For example, the court noted that at the December 11, 2008 hearing: "defense counsel did not deny receipt of the tentative ruling on the morning of the [November 20, 2008] hearing, but, instead, argued that he had telephonically withdrawn the motion to set aside the default prior to the hearing and that he intended to file another motion for relief from default, with additional facts. However, he had never filed a formal withdrawal of the motion; neither the court clerk or the court attendant recalled being advised that the motion had been withdrawn, nor did defense counsel indicate with whom he had spoken, or when. Most notably, plaintiff had never been given any notice of withdrawal of the motion, and it is frankly inexplicable that defense counsel would have withdrawn the motion yet permitted opposing counsel to undergo the time and expense of an appearance. Moreover, defense counsel had apparently made no mention of the claimed prior telephonic withdrawal of

---

[3] Although the court had not formally ruled on the motion to quash service of summons, from this point on the court and the parties referred to only one "motion."

[4] No notice of continuance is included in the record on appeal.

the motion upon receiving the tentative. Indeed, assuming that he had withdrawn his motion, and that both plaintiff and the court staff had been telephonically advised of the withdrawal, it is unclear why he would have appeared at all on November 20." The court stated it did not find persuasive Krayzman's assertion that he had withdrawn the motion to vacate prior to counsel's receipt of the tentative, and expressly adopted its November 11 tentative ruling as the court's final order on the motion to vacate.

The court continued: "It is further clear to the court that Defendant's second motion to set [aside] the default specifically attempts to address the very issues identified by the court in its tentative ruling, i.e., the credibility of defense counsel's statements regarding the date upon which he was retained by the defendant. Yet, still, he provides no evidence in support of these claims. He has not provided the retainer agreement, which admittedly involved other litigation but which he contends without any showing, is expansive enough to include the current representation and, apparently on a specific date at that. To the extent the retainer document is claimed to be privileged, neither the court nor opposing counsel has been provided with any evidence regarding counsel's ability to redact the retainer agreement in a manner providing plaintiff with an opportunity for review, yet retaining applicable attorney-client privileged matter. In addition, he does not explain why this 'new evidence' was not available at the time that the original motion was filed. CCP section 1008. The court is thus left with the conclusion that the facts may well have been tailored to address the issues raised in the tentative ruling, contrary to the rationale and notions of fairness as set forth in *Groth, supra.*" On June 30, 2009, the court entered a default judgment against Krayzman for $52,710.16. Krayzman timely appealed.

## DISCUSSION

Krayzman appears to contend the trial court erred by never deciding his motion to vacate the entry of default on its merits. This contention has two parts. First, Krayzman asserts the court never made a final ruling on the first version of the motion. Second, Krayzman argues that even if the court ruled on the first version of the motion, it should not have done so because he withdrew that motion, and the court should have recognized the withdrawal and ruled on the second version of the motion. We disagree.

### I. *The Trial Court Decided the Motion to Vacate on Its Merits*

First, it is clear that the trial court denied Krayzman's motion to vacate on its merits. On November 11, 2008, the court issued a tentative ruling denying the motion. Although no copy of that tentative ruling is included in the record, subsequent discussions between the court and the parties indicate the

ruling addressed the substance of the motion. In the April 14, 2009 written ruling, the court expressly indicated it was adopting the November 2008 tentative ruling as the court's final ruling on the issue. The court considered and denied the motion to vacate. Krayzman's assertions to the contrary are simply inaccurate.

To the extent Krayzman challenges the substance of the court's ruling denying the motion to vacate, we find no error. "[T]he court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment . . . unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473(b); see *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612 [107 Cal.Rptr.2d 489].)[5]

■ The court's determination of whether the default was caused by the attorney's mistake, inadvertence, surprise, or neglect is in part a credibility determination. (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622–623 [34 Cal.Rptr.2d 26] (*Johnson*).) "Credibility is an issue for the fact finder . . . ; we do not reweigh evidence or reassess the credibility of witnesses. [Citation.] . . . When . . . 'the evidence gives rise to conflicting reasonable inferences, one of which supports the findings of the trial court, the trial court's finding is conclusive on appeal. . . .' [Citation.]" (*Ibid.*)

Here, the trial court determined Krayzman's counsel's declaration of fault was not credible. The court's April 2009 order referenced this previous finding. Substantial evidence supported the court's determination. Cowan provided a declaration stating counsel had previously told him Krayzman did not retain him until after the deadline for responsive pleadings had already passed. (*Cisneros v. Vueve* (1995) 37 Cal.App.4th 906, 912 [44 Cal.Rptr.2d 682] [no relief where attorney was not representing defendants at the time default was entered].) Further, Krayzman's counsel's declaration was not accompanied by a retainer agreement or any other documentation, even redacted documentation, establishing he was hired before the default was entered. The trial court—who, unlike us, was also able to assess Krayzman's counsel's credibility in person—could reasonably find his declaration not credible. We have no basis to disturb this finding on appeal.

---

[5] The first version of Krayzman's motion to vacate requested either discretionary or mandatory relief under Section 473(b). On appeal Krayzman argues only that the court should have granted mandatory relief. Krayzman has thus abandoned any argument regarding the discretionary relief provision of Section 473(b) and we do not discuss it. (*Dimon v. County of Los Angeles* (2008) 166 Cal.App.4th 1276, 1279, fn. 1 [83 Cal.Rptr.3d 576].)

In addition, the evidence contained in the attorney declaration supported the trial court's determination that attorney conduct did not cause the default. (*Benedict v. Danner Press* (2001) 87 Cal.App.4th 923, 928 [104 Cal.Rptr.2d 896].) Krayzman's counsel's declaration attached to the first motion to vacate did not unequivocally admit error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 609–610 [109 Cal.Rptr.2d 256] [attorney's straightforward admission of fault required for § 473(b) mandatory relief].) Instead, it stated Krayzman's counsel "reasonably believed" his client's representations, which he had no reason to "question or challenge." This suggested that Krayzman, rather than his attorney, was the cause of the default; counsel's mistake was in believing his client. (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1248 [92 Cal.Rptr.2d 322] [mandatory relief under § 473(b) available only if the party is totally innocent of wrongdoing and the attorney was the sole cause of the default or dismissal]; *Johnson, supra*, 28 Cal.App.4th at p. 623 [denying § 473(b) mandatory relief where client was implicated in discovery misconduct]; but see *Gutierrez v. G & M Oil Co., Inc.* (2010) 184 Cal.App.4th 551, 557–558 [108 Cal.Rptr.3d 864] [noting split of authority; some courts grant § 473(b) mandatory relief even if client is partially to blame so long as the client is not guilty of intentional misconduct in contributing to the adverse result].) The court could reasonably conclude Krayzman did not establish causation and find Section 473(b) mandatory relief was not warranted. (See also *Todd v. Thrifty Corp.* (1995) 34 Cal.App.4th 986 [40 Cal.Rptr.2d 727] [denying § 473(b) mandatory relief where attorney first attributed dismissal to client's personal problems, then in a supplemental declaration took sole blame].)

## II. The Trial Court Did Not Err in Refusing to Recognize Krayzman's Purported Withdrawal of the Motion to Vacate or Consider the Second Version of the Motion

We also find no error in the trial court's refusal to allow Krayzman to withdraw his first motion to vacate default after the court had issued a tentative ruling denying the motion, in order to make way for a second version of the same motion.[6]

We agree with the trial court that the principles and reasoning set forth in *Groth Bros. Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60 [118

---

[6] Neither party has addressed the proper standard of review for our analysis of this issue. The court's ruling implicated its management of the courtroom calendar and docket; we review such rulings for an abuse of discretion. (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 497–498 [256 Cal.Rptr. 296].) However, under any standard of review our conclusion would remain the same.

Cal.Rptr.2d 405] (*Groth*), are instructive. In *Groth*, the defendant demurred to the plaintiff's amended complaint. The plaintiff did not oppose the demurrer, but instead attempted to file a second amended complaint without leave of court. (*Id.* at p. 63.) The court issued a tentative ruling sustaining the demurrer without leave to amend. (*Id.* at p. 64.) At the hearing, the plaintiff informed the court that because the court clerk had rejected his attempt to file a second amended complaint, he had that morning filed a dismissal of the entire action as to the defendant, without prejudice. (*Ibid.*)

The Court of Appeal found the trial court erred in concluding it lacked jurisdiction to vacate the plaintiff's dismissal and rule on the demurrer. The court explained: "Not only does allowing a plaintiff to file a voluntary dismissal without prejudice in the face of a tentative ruling that the court will sustain the demurrer without leave to amend waste the time and resources of the court and other parties and promote annoying and continuous litigation, but we are persuaded that allowing such dismissal in the circumstances of this case undermines both the tentative ruling system and the statutory scheme providing for mandatory indemnity of corporate officers in specific situations." (*Groth, supra*, 97 Cal.App.4th at p. 70.) The court further noted that rather than appearing at the hearing to argue the tentative ruling was erroneous, plaintiff's counsel appeared "for the sole purpose of advising the court that, because he had voluntarily dismissed the action as to [the defendant], the court had no jurisdiction to act upon the demurrer. Plaintiff thus used the window of opportunity presented by the tentative decision procedure not to contest the tentative ruling, but to 'buy time' to voluntarily dismiss his action after learning of the court's ruling, but before it could become final. . . . Plaintiff subsequently posted the security and filed a third amended complaint, once again naming [the same party] as a defendant. Such disingenuous behavior not only wastes the resources of the court and the opposing parties, but undercuts the tentative ruling system." (*Id.* at pp. 70–71, citation omitted.)

■ Krayzman's attempts to distinguish *Groth* are not persuasive. In both cases a party was seeking to avoid a ruling that was to be dispositive and adverse to it. That *Groth* involved the plaintiff, and this case involves the defendant, is irrelevant. The *Groth* court's reasoning applies here. In general, a tentative ruling allows a party to focus his or her arguments at a subsequent hearing and to attempt to convince the court the tentative should not become the court's final order. But Krayzman treated the court's tentative ruling as if it were an advisory opinion about the defects in his motion to vacate. Allowing a moving party to withdraw a motion after receiving an adverse

tentative ruling, only to refile a different version of the same motion later, would lead to excessive litigation and waste of judicial resources. If allowed, a party could simply continue to withdraw a motion indefinitely based on adverse tentative rulings, only to repeatedly refile in an attempt to "get it right" based on the reasoning in the court's tentatives.

We also note that here, as in *Groth*, Krayzman's conduct appears disingenuous. At the November 2008 hearing, Krayzman's counsel received the tentative ruling but left before the case was called. Although he later represented that he had been called away to make an appearance in another courtroom, he did not notify the court or opposing counsel that he was absenting himself. Krayzman then purportedly withdrew the motion to vacate, but did not file a formal notice of withdrawal or otherwise effectively give the court notice he was withdrawing the motion until the hearing at which the motion was to be heard.

Krayzman's counsel subsequently claimed he withdrew the motion to cure a procedural defect—he had served the motion with only 15 court days' notice, instead of the required 16—but this explanation rang false. When Cowan argued in his opposition to the motion that it was served with inadequate notice, Krayzman could have withdrawn the motion then, but did not. Cowan was required to oppose the motion and the court invested judicial resources in considering it and preparing a tentative ruling. Despite the inadequate notice, Cowan opposed the motion on its merits, appeared at the hearing, and apparently did not ask for a continuance, thereby likely waiving any defect in service or inadequate notice. (See *Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697–698 [91 Cal.Rptr.2d 844] [if opposing party appears at hearing and opposes motion on its merits, defects in service are waived].) Further, at the April 2009 hearing, the trial court explained the November 2008 tentative ruling denying the motion was not based on a jurisdictional flaw. Instead the court noted there were "other impediments . . . [m]ost notably, issues involving the date of retention that have not been provided to the court . . . ." Thus, there would have been little need for Krayzman to withdraw the motion simply to cure the notice defect.

Moreover, Krayzman's second motion to vacate was not the same as the first motion, only served with adequate notice. Instead, the second motion was completely revised and, according to the court, appeared to have been redrafted to address the problems the court had indicated were fatal in its tentative ruling denying the first motion. This suggests Krayzman's motivation for "withdrawing" the first motion was not simply to cure a procedural defect, instead it was to improperly secure a second opportunity to file a motion to set aside the default, without leave of court. In December 2008, the court gave Krayzman the opportunity to respond to the argument that he

could not withdraw the motion to vacate after receiving the adverse tentative order. The court expressly stated Krayzman was not to provide additional arguments or evidence regarding the substance of the motion. In defiance of this order, Krayzman filed a second version of the motion to vacate. In addition, Krayzman's counsel admitted that he sought to file a second motion with "additional facts," which belies the claim that he simply wanted to avoid having the first motion denied on procedural grounds.

As in *Groth*, Krayzman "used the window of opportunity presented by the tentative decision procedure"—and the delay caused by his counsel's absence from the courtroom when the motion was to heard—"not to contest the tentative ruling, but to 'buy time' " to withdraw the motion to vacate, revise it, and refile before the court's tentative could become the court's final ruling. As was the case in *Groth*, this conduct smacks of gamesmanship, undercuts the tentative ruling system, and wastes the resources of the court and opposing parties. (Cf. *Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538, 544, 546 [33 Cal.Rptr.3d 761] [in voluntary dismissal context, courts evaluate whether allowing the dismissal would be unfair or would endorse dishonest litigation tactics].)

Under some circumstances it may be proper for a party to withdraw a motion after the trial court has issued an adverse tentative ruling, but before the ruling becomes final. This case does not present such circumstances. Krayzman had a full and fair opportunity to seek relief from the default and he did so. Only after receiving the tentative ruling did Krayzman purportedly withdraw the motion, and he failed to do so formally or effectively. He then filed a second motion without leave of court that was intended to address the problems of the first, after he had learned of the motion's deficiencies from the court's tentative. There were no new facts or circumstances that made this permissible. The court properly adopted its tentative ruling as the final order on the motion and refused to consider Krayzman's second unauthorized version.

III. *Appellate Sanctions*

■ Cowan requests sanctions against Krayzman on the ground that his appeal is frivolous. However, Cowan has not filed a separate sanctions motion as required by California Rules of Court, rule 8.276(b)(1). Sanctions cannot be sought in the respondent's brief. (*Leko v. Cornerstone Bldg. Inspection Service* (2001) 86 Cal.App.4th 1109, 1124 [103 Cal.Rptr.2d 858].) The request for sanctions is denied. (*Bak v. MCL Financial Group, Inc.* (2009) 170 Cal.App.4th 1118, 1127–1128 [88 Cal.Rptr.3d 800].)

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

Rubin, J., and Flier, J., concurred.