Filed 3/3/14  Sanchez v. Murphy CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MICHAEL SANCHEZ et al., | B247182 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. SC117133) |
| v. | |
| MARY MURPHY et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Chester Horn, Jr., Judge.  Affirmed.

Steven P. Krakowsky for Plaintiffs and Appellants.

Lavely & Singer, Martin D. Singer, and David B. Jonelis for Defendants and Respondents.

_____

This appeal arises from a contract dispute between Michael Sanchez and Axis Management, Inc. (appellants) and Mary Murphy and Mary Murphy Productions, Inc. (respondents). After the trial court issued a default judgment in favor of appellants, respondents moved for mandatory relief pursuant to Code of Civil Procedure section 473.[1] Appellants contend the court erred in granting respondents' motion. We disagree and affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

Appellants entered into a management agreement with respondents in 2006. A contract stated that appellants would provide management services in exchange for a portion of respondents' entertainment-related earnings. In May 2012, appellants sued respondents for an alleged breach of oral and written agreements, claiming respondents failed to tender fees.[2] Appellants prayed for $164,660 in present damages, $1,000,000 in future damages, and unspecified future commissions. The parties dispute what happened next.

According to appellants, a contracted process server, Diego Garijo, served the summons and complaint on Murphy on July 20. Her attorney, Leah Saffian, received the return of service from Murphy on July 29. Believing the date of service was July 27, Saffian set a response deadline of August 27. On August 22, appellants requested an entry of default, which was filed by the court one day later. Unaware of appellants' default request, Saffian filed respondents' answer on August 27, "generally deny[ing] each allegation in the unverified complaint."

A case management conference was held on September 5. Appellants' attorney appeared, but Saffian was unable to make her planned telephonic appearance, and Murphy was not present. The court directed appellants' counsel to submit an application

[1] All subsequent references are to the Code of Civil Procedure.

[2] All subsequent dates occurred in the year 2012, unless otherwise indicated.

2

for entry of default judgment against respondents, and set an order to show cause hearing for October 22. On September 6, the court confirmed its directions to counsel and the hearing date. On September 13, appellants filed an application for entry of default judgment in the amount of $205,765. They included a proposed judgment, a statement of the case, and a declaration from Sanchez detailing his personal and professional history with Murphy.[3] Appellants served respondents with these documents by mail, but Saffian claims that she never received them.

Saffian, mistakenly believing the case management conference had been continued to October 22, filed respondents' case management statement on October 19. Suffering from staphylococcus and streptococcus infections that "significantly impaired [her] judgment," Saffian appeared on October 22 for the order to show cause hearing. The court said it would sign the proposed default judgment that appellants had submitted. On October 23, the court entered default judgment against respondents. Appellants provided notice of the judgment to respondents on October 25.

On November 8, Saffian filed a motion pursuant to section 473 to set aside the default judgment based on her mistake. She included a sworn declaration stating that she had relied on the July 27 service date, which appeared on the summons she received, and assumed responsibility for any resulting error. The motion noticed a hearing for December 3, but Saffian had not reserved that date with the court. Appellants filed their opposition to respondents' motion on November 16. They argued the motion was untimely, procedurally defective, based on a fraudulently altered document, and barred by the principles of res judicata and collateral estoppel. On the same day, the court issued a writ of execution permitting appellants to collect damages from Murphy. On November 20, appellants served a notice of levy under writ of execution to Wells Fargo Bank, seeking to collect $205,160 plus $56.20 daily interest from Murphy's accounts.

---

[3]    Sanchez's declaration included a detailed account of his personal and professional conflicts with Murphy. Appellants' opening brief before us repeated many of these alleged facts, which are irrelevant to the issues on appeal.

Wells Fargo Bank indicated it would release the levied funds to the sheriff on November 29. Respondents filed for a substitution of attorney on November 26, removing Saffian and naming David B. Jonelis as their new counsel. The following day, Jonelis filed an ex parte application for an order staying execution of the default judgment, pursuant to section 918, pending resolution of respondents' "currently-pending Motion to Set Aside Default Judgment." On November 27, the court denied the application, set a hearing on the motion for relief from default judgment for February 6, 2013, and ordered appellants' counsel to retain the levied funds in a trust account pending resolution of respondents' motion. It also set a briefing schedule, granted Jonelis leave to revise the motion, and directed him to provide notice to appellants. Respondents filed notice of the ruling on November 28.[4]

On January 9, 2013, respondents filed their amended motion to set aside the default judgment pursuant to the mandatory relief provisions of section 473, subdivision (b). The motion included an expanded declaration from Saffian in which she "accept[ed] responsibility, based on [her] mistake, inadvertence, or neglect, for the default judgment that was entered against [respondents] on October 23, 2012." She wrote that the service of summons she had received from Murphy on July 29 led her to believe that it had been served on July 27. She filed an answer to the original complaint on August 27 because she did not know that appellants had requested entry of defendants' default judgment on August 23. In addition, Saffian admitted to not appearing at the September 5 case management conference because of difficulties making a phone appearance. She did not receive notice from the conference, or any default judgment application papers. As a result, Saffian thought the conference had been

_____

[4]     The record indicates that appellants also filed notice of the ruling on respondents' ex parte application, reading: "The Court stated that defendants' motion for relief from default filed on November 8, 2012 was insufficient and provided no basis for the Court to grant any of the relief sought by defendants in their ex parte application." There is no transcript of the ex parte application hearing in the record, and the court's minute order does not indicate that it ruled on the merits of respondents' motion during that proceeding.

4

continued to October 22, which explained her tardy filing of the case management statement on October 19. When she appeared on October 22, Saffian was suffering a fever of 102 degrees. Her ongoing staphylococcus and streptococcus infections had impaired her judgment. In conclusion, Saffian wrote, "any failure or fault that resulted in the entry of default judgment in this action should rest with me, rather than [respondents]."

Appellants filed a revised opposition to the motion to set aside default judgment. They argued that relief was not mandatory under section 473, Murphy fraudulently altered the service papers, and res judicata and collateral estoppel barred respondents' defenses. A declaration from Garijo included his service notes confirming the July 20 date, and claimed that he wrote July 20 on the service of summons, which had been altered sometime after delivery. Appellants also included a time-stamped photo of Garijo and Murphy, allegedly taken during the service of process.

On February 4, 2013, respondents filed a reply in support of their motion to set aside the default. In response to the specific allegations of fraud in appellants' opposition, Murphy submitted a sworn declaration denying that she had altered the July 2012 service of summons. She wrote that she was personally served "in July 2012," provided the original documents to Saffian, and never represented the service date as July 27. Murphy indicated that she only learned of the service date dispute after the default was entered. Respondents also argued that Garijo's own handwriting resembled the handwritten date of July 27 on the summons.

At the hearing on February 6, 2013, appellants contended that Saffian or Murphy had fraudulently altered the date of service, requested a continuance so that respondents could produce the original document, tried to admit new evidence, and sought to examine Garijo, Saffian, and Murphy about their statements regarding the service date. Respondents argued that Murphy did not alter the form, Garijo's handwriting suggested that he made the change, and Saffian took complete responsibility for the default.

The court granted respondents' motion, apparently under the mandatory relief provision of section 473, subdivision (b). It found that respondents had demonstrated that Murphy was "'totally innocent of any wrongdoing,'" in light of her sworn declaration denying any wrongdoing. It concluded that relief from default was required under section 473 because Saffian filed a credible affidavit of fault. The evidence also showed that Saffian's conduct led to the entry of default judgment, in part because of her "patently deficient motion to vacate . . . filed on November 8, 2012." The court declined to allow appellants to examine Garijo, Murphy, or Saffian, and instead credited evidence of Saffian's errors and Murphy's affidavit that she did not alter the summons. It further overruled appellants' evidentiary requests because they had not complied with California Rules of the Court, rule 3.1113(*l*). The court also reduced appellants' requested attorney fees and costs, imposed $999 of sanctions on Saffian, and ordered her to pay that sum to the State Bar Client Security Fund pursuant to section 473, subdivision (c)(1)(A) and (B). The court emphasized Saffian's deficient filing, "lack of due care," and failure "to fulfill her ethical duty to competently represent her client," which wasted court resources and harmed her client.

Appellants filed a timely notice of appeal.

## DISCUSSION

### I

Appellants contend the trial court exceeded its jurisdiction when it considered respondents' section 473, subdivision (b) motion because they did not satisfy the requirements of section 1008. In effect, appellants argue that respondents made two separate motions to set aside the default, and the second failed to comply with section 1008.

Section 1008 "impos[es] a limitation on the parties' ability to file repetitive motions." (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1105.) It governs the procedure and format of papers filed after a prior "application for an order has been made to a

6

judge . . . and refused in whole or in part, or granted, or granted conditionally, or on terms . . . ." (§ 1008, subd. (a).)

Contrary to appellants' contention, the motion from which the current appeal was taken was not a second filing. Saffian filed respondents' motion to set aside default judgment on November 8. She failed to confirm a hearing date with the court, and as a result, the motion was not placed on calendar. When respondents obtained new counsel, the court granted them leave to amend their pending motion. It later set a hearing for February 6, 2013. Respondents filed their amended motion on January 9, 2013, which the court granted on February 6, 2013. Appellants contend the court's November 27 order on respondents' ex parte application was an adjudication of the motion to set aside. The flaw in their argument is that, during that hearing, the court did not grant or deny respondents' section 473 motion. It merely denied their ex parte application pursuant to section 918. There was only one motion to set aside, which was amended before the court's order, and there was only one ruling on the merits of the motion. In this situation, section 1008 simply does not apply.[5]

II

Appellants argue that relief was not mandatory under section 473, subdivision (b) because Murphy, not Saffian, caused the default to be entered. They also claim that Murphy's fraudulent conduct prohibited the court from granting relief.

Section 473, subdivision (b) provides, in pertinent part, "the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court

---

[5] Because we dismiss appellants' section 1008 arguments, we do not reach respondents' contentions that even if that statute applied, they satisfied its requirements, or that the issue was forfeited.

7

finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) "This is often referred to as the mandatory provision because it is said that '[w]here there is an attorney's affidavit of fault, the relief is mandatory unless it is determined that the attorney was not actually the cause . . . .'" (*Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058, 1069-1070 (*Jerry's Shell*).)

"The statute's 'broad remedial provisions' [citation] are to be 'liberally applied to carry out the policy of permitting trial on the merits' [citation]." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) Accordingly, the only statutory limitation of this mandatory relief applies when the court finds the default "was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) "Relief may be denied only 'when the court finds [that] the default was not in fact the attorney's fault, for example when the attorney is simply covering up for the client. [Citation.]'" (*Rodrigues v. Superior Court* (2005) 127 Cal.App.4th 1027, 1033.) Courts have recognized an additional ground for denial of relief where an attorney deliberately failed to respond to discovery and oppose discovery motions (*Jerry's Shell*, *supra*, 134 Cal.App.4th at p. 1074), but not where evidence was insufficient to show that the defaulting party "deliberately defaulted, with a premeditated plan to have the default set aside later . . . ." (*Metropolitan Service Corp. v. Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481, 1488.) To demonstrate causation, "[t]he defaulting party 'must submit sufficient admissible evidence that the default was actually caused by the attorney's error. [Citation.] "If the prerequisites for the application of the mandatory relief provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief."' [Citation.]" (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 226.)

We review a trial court's adjudication of a section 473, subdivision (b) motion for abuse of discretion. (*Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1112.) Specifically, "[t]he court's determination of whether the

8

default was caused by the attorney's mistake, inadvertence, surprise, or neglect is in part a credibility determination. [Citation.] 'Credibility is an issue for the fact finder . . . ; we do not reweigh evidence or reassess the credibility of witnesses. [Citation.] . . . When . . . "the evidence gives rise to conflicting reasonable inferences, one of which supports the findings of the trial court, the trial court's finding is conclusive on appeal. . . ." [Citation.]'" (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 915 (*Cowan*).)

The court did not abuse its discretion in finding that Saffian's mistake, inadvertence, surprise, or neglect caused respondents to suffer default in this case. Her declaration, which accompanied respondents' revised motion, and which was credited by the trial court, satisfies the statutory requirements of section 473, subdivision (b), rendering relief mandatory. She repeatedly neglected to intervene when it was possible to prevent the court from entering default judgment. Saffian failed to appear at the September 5 case management conference, made no objections prior to the entry of default judgment, and was impaired by illness at the October 22 hearing.[6] Given this evidence, we have no basis to conclude the court abused its discretion in finding relief mandatory due to Saffian's affidavit of fault.

Nor did the court abuse its discretion by crediting Murphy's denial of fraudulent activity. Appellants contend that Murphy fraudulently altered the service date before passing it along to Saffian, and that Garijo's sworn declaration supports this theory. Murphy's affidavit denies all misconduct. In contrast, Garijo's declaration indicated that his handwriting was inconsistent, and similar to the handwritten date on the service of summons. Also, Garijo had not seen the summons since six months before the date of his declaration, yet purported to remember intricate details of the paperwork. We defer to the trial court's determination on credibility concerns such as these. (See *Cowan*, *supra*, 196 Cal.App.4th at p. 915.)

---

[6] Appellant contends we should disregard Saffian's conduct subsequent to the entry of default. However, the court entered default judgment on October 23, 2012. Each of these three instances demonstrating Saffian's fault occurred prior to that date.

Appellants cite three cases to support their position, but all are distinguishable. (See *Cowan*, *supra*, 196 Cal.App.4th 907 [denying mandatory relief where trial court determined attorney's affidavit of fault was not credible]; *Lang v. Hochman* (2000) 77 Cal.App.4th 1225 (*Lang*) [withholding mandatory relief where clients' counsel indicated at trial that clients were at fault]; *Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 623 (*Johnson*) [affirming denial of mandatory relief where "counsel laid the blame . . . squarely at the feet of his client"].) In those cases, the clients themselves were clearly to blame for the resulting defaults, or the trial court determined the attorney's affidavit to be not credible. Unlike *Lang* and *Johnson*, here respondents' counsel did not admit that Murphy's conduct contributed to the entry of default. Instead, counsel expressly conceded complete fault for causing the default, and Murphy denied any wrongdoing. Also, unlike *Cowan*, the trial court did not find that Saffian's affidavit was not credible. Deferring to the trial court's assessment of the credibility of affiants, we find no abuse of discretion in its conclusion that Saffian's affidavit was credible. Because respondents' motion pursuant to section 473 was supported by Saffian's sworn statement of fault, and there was no credited evidence of Murphy's fraudulent conduct, the court did not abuse its discretion in granting mandatory relief.

III

Appellants claim the court abused its discretion when it refused to allow them to present evidence from the process server, to examine witnesses, and to obtain additional evidence with leave of the court. They also argue the court should not have considered Murphy's declaration, which raised new points for the first time in respondents' reply.

The mandatory relief provision of section 473, subdivision (b) does not require trial courts to consider evidence other than the attorney's affidavit of fault. Instead, it permits courts to vacate judgments when requests are "accompanied by an attorney's sworn affidavit" of fault, as the court did here. (§ 473, subd. (b).) Further, and more generally, "[t]he trial court is empowered to determine motions upon affidavits, and has

10

the discretion to refuse oral testimony.  [Citations.] ""Discretion is abused whenever . . . the court exceeds the bounds of reason, all of the circumstances before it being considered.'"  [Citation.] . . . "A trial court's exercise of discretion will be upheld if it is based on a 'reasoned judgment' and complies with the ' . . . legal principles and policies appropriate to the particular matter at issue.'"  [Citation.]'  [Citation.]"  (*Velez v. Smith* (2006) 142 Cal.App.4th 1154, 1160-1161 [finding trial court did not err by declining to grant appellant's request to present testimonial evidence at hearing on motion to strike].)  In addition, the court has discretion to consider evidence presented for the first time in a party's reply papers, "so long as the party opposing the motion . . . has notice and an opportunity to respond to the new material."  (*Plenger v. Alza Corp.* (1992) 11 Cal.App.4th 349, 362, fn. 8 (*Plenger*) [in summary judgment context].)[7]

Here, the court did not abuse its discretion in denying appellants the opportunity to present evidence in response to Murphy's declaration included in her reply brief.  Courts have discretion to consider evidence included in reply filings when opposing parties are provided an opportunity to respond.  (See *Plenger*, *supra*, 11 Cal.App.4th at p. 362, fn. 8.)  But when the opposing party seeks to offer only speculative evidence that is unlikely to change the court's outcome, it suffers no prejudice by being denied the opportunity to offer it.  (See *F.P. v. Monier* (2014) 222 Cal.App.4th 1095, 1087 [""'Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred."'"].)  As a result, the court does not abuse its discretion in refusing to consider such evidence.

Appellants sought to admit time-stamped evidence of a photograph of Garijo and Murphy to demonstrate that the date of service was July 20.  However, Garijo's declaration alleging these facts was before the court, as were declarations from Saffian and Murphy disputing the date.  As the court said, "[t]he evidence is all in the papers here."  As to Saffian, mandatory relief would only be precluded under an inference that

---

[7]     This standard has been extended beyond summary judgment adjudications to a trial court hearing on a writ of attachment.  (See *California Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Estate Group* (2011) 193 Cal.App.4th 849, 861.)

she changed the date before knowing about the request for entry of default. In that situation, it would be clear that she intentionally tried to fraudulently obtain more time, and thus deliberately missed the deadline. (See *Jerry's Shell*, *supra*, 134 Cal.App.4th at p. 1074.) Considering Saffian's failure to appear on September 5, to object before the entry of default, and to adequately oppose the entry of default judgment at the October 22 hearing, the court properly found that her negligent conduct rendered relief mandatory under section 473, subdivision (b). Appellants' offer of evidence was unlikely to show that Murphy altered the date. It was similarly unlikely to prove that Saffian intentionally engineered a default. It is speculative to assume that Murphy and Saffian would contradict their sworn declarations. And the time-stamped photo would merely confirm the date of service, without indicating who may have altered the service of summons. Thus, the court was under no obligation to consider further evidence. For the same reasons, the court did not abuse its discretion in denying appellants' request for a continuance to obtain additional evidence. (See *Dailey v. Sears, Roebuck & Co.* (2013) 214 Cal.App.4th 974, 1004 ["[w]e review the trial court's ruling denying the continuance for abuse of discretion"].)

Finally, the trial court found that appellants' requests to admit additional evidence and examine witnesses did not comply with California Rules of the Court, rule 3.1113(*l*), which provides that such requests must be made in a separate document that lists the specific items and provides a written statement with further details at least three days before the hearing. The record on appeal contains no such written submission from appellants. Accordingly, we also find that the court did not abuse its discretion in refusing appellants' requests pursuant to this rule.

## DISPOSITION

The order is affirmed.  Respondents are entitled to their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


EPSTEIN, P. J.


We concur:


WILLHITE, J.


EDMON, J.*

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section  6 of the California Constitution.