Filed 8/30/22  Baul v. Lecaros CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AUSTIN BAUL et al., | B315968 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. |
| v. | No. 21STCV24082) |
| ADRIANO LECAROS, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Austin Baul, in pro. per., and Nila A. Jamias, in pro. per., for Plaintiffs and Appellants.

Law Offices of Richard Hofman and Richard Hofman for Defendant and Respondent.

—————————————

Austin Baul and Nila A. Jamias (collectively plaintiffs) appeal from a trial court order granting defendant Adriano Lecaros's special motion to strike under the anti-SLAPP statute (Code Civ. Proc., § 425.16),[1] and dismissing two causes of action in their complaint. We conclude that those causes of action arise from protected activity as defined in subdivision (e) of section 425.16, and that plaintiffs have not demonstrated a likelihood of prevailing on the merits of their claims. We therefore affirm the trial court order.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Prior litigation and restraining order requests

The parties have been involved in a leadership dispute within the Filipino American Community of Los Angeles, Inc. (FACLA), a nonprofit organization of which Lecaros, Fernandico Gonong, Jr., and Maximo Fortu were former directors or officers.[2] In December 2018, litigation resulted in a trial court order installing nonparty Veronico Agatep as FACLA president. According to plaintiffs' complaint, while Gonong appealed that decision, he barred Agatep from entering FACLA's offices. In April 2020, another division of this court affirmed the order installing Agatep as president. (*Caratao v. Gonong* (Apr. 2, 2020, B294469) [nonpub. opn.].) Plaintiffs have alleged that in May 2020, Agatep appointed Baul (who was also the former president of FACLA) as his assistant and Jamias as office manager.

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

[2] This appeal concerns the motion to strike filed by Lecaros alone. The remaining defendants are not parties to this appeal.

2

On June 8, 2020, Gonong filed requests for civil harassment restraining orders protecting himself, Lecaros, and Fortu from plaintiffs. The requests alleged that on May 23, 2020, plaintiffs and others broke into the FACLA offices, stole from the office, damaged property, and threatened physical violence. Following a June 29 hearing at which Gonong, Lecaros, and plaintiffs testified, the trial court denied the requests, finding Gonong had not met his burden of proof.

On August 27, 2020, Lecaros filed requests for civil harassment restraining orders protecting himself, his adult daughter, and his spouse from plaintiffs.[3] The requests alleged plaintiffs made repeated threats to cause the Lecaros family physical harm, to damage their property, and to steal from Lecaros's home and office. The requests further alleged that on August 14, plaintiffs broke into FACLA's offices and destroyed and stole property. The petitions also alluded to past instances, as early as 2018, as well as additional events in August, during which plaintiffs allegedly broke into Lecaros's office, stole property, and defamed Lecaros and others on social media and in the community. In September 2020, the trial court denied Lecaros's petitions.

## II. The underlying complaint

In June 2021, plaintiffs filed a complaint against Lecaros, Gonong, Fortu, and four other individuals, alleging causes of action for abuse of process, "lying to the police," and intentional infliction of emotional distress. The complaint alleged that on June 8, 2020, Gonong, Lecaros, and Fortu "conspired" and

---

[3] In their respective requests for restraining orders, Gonong and Lecaros each filed one petition per plaintiff.

3

wrongfully used legal process by filing requests for temporary restraining orders against plaintiffs. The complaint similarly alleged that on August 27, 2020, Lecaros, his adult daughter, and his spouse, conspired and wrongfully used legal process by filing restraining order requests against plaintiffs and Agatep.[4]

Plaintiffs denied the conduct alleged in the June 2020 restraining order requests, claiming they were at home. They further denied breaking into FACLA in August 2020, threatening the Lecaros family, or stealing anything. The complaint alleged a court order entitled them to enter the FACLA premises as officers. According to the complaint, the petitions were defendants' attempts to again alter the leadership structure and have plaintiffs barred from FACLA's premises. The complaint further alleged Gonong and another codefendant gave a false report to police regarding the June and August incidents.

Plaintiffs alleged they were 80 and 75 years old and being served with the restraining order petitions caused them anxiety and stress that exacerbated their existing health conditions.

III. **Lecaros's special motion to strike**

In August 2021, Lecaros filed a special motion to strike the complaint, arguing that because the abuse of process and intentional infliction of emotional distress claims arose out statements and activities occurring in or related to judicial proceedings, they were protected activities grounded in his exercise of his constitutionally protected rights to petition and of free speech. For this reason, and because the litigation privilege set forth in Civil Code section 47, subdivision (b) barred claims

_____

[4] Only the requests seeking to restrain plaintiffs are included in the record.

4

arising out of judicial proceedings, those two claims were subject to dismissal under the anti-SLAPP statute (Code Civ. Proc., § 425.16).

Plaintiffs opposed the motion, arguing the leadership dispute that was the subject of their claims did not relate to a public issue and therefore was not subject to the anti-SLAPP law. They also contended their claims had substantive merit and did not arise out of privileged communications because they fell under a statutory exception for communications to law enforcement.

Plaintiffs did not appear at the September 2021 hearing on Lecaros's motion. The trial court granted the special motion to strike and dismissed the abuse of process and intentional infliction of emotional distress causes of action as to Lecaros. The court concluded that filing a lawsuit was a protected activity and that an anti-SLAPP movant need not separately demonstrate that statements contained in a pleading concerned an issue of public importance. Further, plaintiffs could not establish a probability of prevailing on the merits on the abuse of process and intentional infliction of emotional distress causes of action because they were subject to the litigation privilege. The court found the exception that plaintiffs invoked did not apply because the communications at issue were not directed toward law enforcement, but to the court during litigation.

Plaintiffs timely appealed.[5]

---

[5] An order denying an anti-SLAPP motion is immediately appealable as an exception to the general nonappealability of interlocutory orders. (§ 425.16, subd. (i); § 904.1, subd. (a)(13).) Although plaintiffs' notice of appeal indicates they appeal from

**DISCUSSION**

## I. General principles of anti-SLAPP and standard of review

Under section 425.16, subdivision (b)(1), "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

"The anti-SLAPP statute does not insulate defendants from any liability for claims arising from the protected rights of petition or speech.  It only provides a procedure for weeding out, at an early stage, meritless claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384, italics omitted.)

In evaluating an anti-SLAPP motion, the trial court first "determines whether the [moving] defendant has made a threshold showing that the challenged . . . action arises from protected activity," that is, activity in furtherance of the rights of petition or free speech. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056; see generally § 425.16, subd. (e).)  If the answer is yes, the burden shifts to the plaintiff to demonstrate a probability

_____

an order dismissing the case after sustaining a demurrer, we liberally construe their notice of appeal to encompass the anti-SLAPP order.  (Cal. Rules of Court, rule 8.100(a)(2); *Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 251 [notice of appeal was sufficient even though wrong box checked].)

of prevailing on the merits.  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819–820.)

On appeal, we review an order granting or denying a special motion to strike de novo.  (*Oasis West Realty, LLC v. Goldman, supra*, 51 Cal.4th at pp. 819–820.)  We consider the "pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  (§ 425.16, subd. (b)(2).)  We broadly construe the anti-SLAPP statute.  (*Id.*, subd. (a).)  "[W]e neither 'weigh credibility [nor] compare the weight of the evidence.' "  (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

## II.     The challenged causes of action arose from protected activity

Under section 425.16, a cause of action arises from protected activity if the conduct of the defendant on which the cause of action is premised was in furtherance of the defendant's right of petition or free speech.  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 ["statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech"].)  An act in furtherance of the right of petition or free speech includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding."  (§ 425.16, subd. (e)(1).)  It also includes "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body."  (§ 425.16, subd. (e)(2).)

It is well established that filing a lawsuit is an exercise of a party's constitutional right of petition. (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at p. 291 [the "filing of lawsuits

7

is an aspect of the First Amendment right of petition"]; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 90 [the "constitutional right of petition encompasses ' " 'the basic act of filing litigation' " ' "].) The same is true of a petition seeking a restraining order. (*S.A. v. Maiden* (2014) 229 Cal.App.4th 27, 35.)

Here, the entire basis for the abuse of process and intentional infliction of emotional distress claims was the allegation that Lecaros filed three restraining order requests containing false information. Because the claims were fundamentally based upon the exercise of the right to petition, they arose from protected activities. (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.)

Plaintiffs nonetheless contend that the constitutional right to petition does not protect *four* petitions asserting the same allegations. In other words, plaintiffs acknowledge that one such request might constitute a valid assertion of the right to petition, but argue that several requests with identical allegations are not. We reject plaintiffs' argument as contrary to the record. Lecaros was only alleged to have *simultaneously* filed three petitions of similar substance, differing only insofar as they sought relief against separate individuals. In other words, the allegations related to Lecaros in essence amounted to a single instance of petitioning, which, as plaintiffs agree, is protected activity under the anti-SLAPP law.[6]

---

[6] To the extent plaintiffs' complaint provided any basis to argue Lecaros engaged in separate or sequential acts of petitioning, we further note they have failed to provide any legal authority for the proposition that such conduct is not protected activity, and we are aware of none. The argument is forfeited.

Lecaros met his burden of showing that the two causes of action that were the subject of his anti-SLAPP petition arose from protected activity under section 425.16, subdivision (e).

## III. Plaintiffs have not demonstrated a probability of prevailing on the merits

Plaintiffs argue they established a probability of prevailing on their abuse of process and intentional infliction of emotional distress claims because the claims had substantive merit, and therefore fall outside the ambit of the litigation privilege. They also contend the statements within Lecaros's requests were not privileged because they were neither related to the requests, nor served the purpose of achieving the objectives of the requests. Their arguments are unavailing.

The litigation privilege affords litigants the "utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 213.) It is applicable to any litigant's communication required or permitted by law during a judicial proceeding to achieve the objects of the litigation and with some relation to the action. (*Id.* at p. 212.) " '[C]ommunications with "some relation" to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege." (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1057.) The privilege applies to all tort causes of action except malicious prosecution. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360.)

---

(*Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146, 1161–1162 [failure to support theories for reversal results in abandonment of appellant's claims].)

9

Here, the abuse of process and intentional infliction of emotional distress causes of action that were the subject of Lecaros's motion are plainly subject to the litigation privilege. (*Rosenthal v. Irell & Manella* (1982) 135 Cal.App.3d 121, 125.) Plaintiffs devote much of their appellate briefing to arguing the substantive merit of these causes of action, but because the privilege has " 'absolute' " applicability to the torts at issue, the privilege applies regardless of the merit, if any, of the allegations. (*Hagberg v. California Federal Bank*, *supra*, 32 Cal.4th at p. 360.) Tort liability is barred for the conduct which forms the basis of plaintiffs' claims against Lecaros.

Plaintiffs further rely on *Kinnamon v. Staitman & Snyder* (1977) 66 Cal.App.3d 893, 897 and *Earp v. Nobmann* (1981) 122 Cal.App.3d 270, 284, to argue the litigation privilege does not apply because Lecaros's statements were not reasonably related to the litigation and were made only to inflict emotional distress. However, our Supreme Court has explicitly rejected the reasoning on which plaintiffs purport to rely and has disapproved both cases. (*Silberg v. Anderson*, *supra*, 50 Cal.3d at p. 212.) "[A]pplication of the privilege does not depend on the publisher's 'motives, morals, ethics or intent,' " and it applies to communications so long as they have " 'some relation' to a judicial proceeding." (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 913.) These principles squarely apply to plaintiffs' abuse of process and intentional infliction of emotional distress causes of action against Lecaros.

Plaintiffs failed to meet their burden of showing a probability of prevailing on the challenged claims. We find no error in the trial court order granting Lecaros's special motion to strike those causes of action.

10

## IV. Plaintiffs' remaining arguments are forfeited

Plaintiffs further contend that the trial court's decision violated their rights under the California Constitution, article I, section 1, and that the restraining orders violated the double jeopardy clause of the Fifth Amendment to the United States Constitution. Because these arguments were not raised before the trial court, we decline to address them in the first instance. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293 [parties forfeit arguments not raised in trial court]; *People v. Simon* (2001) 25 Cal.4th 1082, 1103 [principle that failure to timely assert constitutional right amounts to forfeiture applies equally to civil cases].)

## V. Appellate sanctions and attorney fees

Lecaros requests that we award him attorney fees as a sanction against plaintiffs for filing a frivolous appeal, but he has failed to file a separate sanctions motion. (Cal. Rules of Court, rule 8.276(b)(1).) Sanctions may not be sought in the respondent's brief and the request is denied. (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919.) However, as the prevailing defendant, Lecaros is entitled to attorney fees pursuant to section 425.16, subdivision (c)(1). (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448 [defendant entitled to attorney fees and costs incurred in plaintiff's appeal as prevailing defendant on anti-SLAPP motion]; *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 659.)

## DISPOSITION

The trial court's order granting Adriano Lecaros's special motion to strike pursuant to Code of Civil Procedure section 425.16 is affirmed.  Lecaros is to recover his attorney fees and costs on appeal, in amounts to be determined by the trial court.

NOT TO BE PUBLISHED.


ADAMS, J.[*]

We concur:


LAVIN, Acting P. J.


EGERTON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.