Filed 9/15/25  Huynh v. DeSimone CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NGA HUYNH,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>JOSEPH DESIMONE, JR.,<br><br>    Defendant and Respondent. | G063687<br><br>(Super. Ct. No. 23P000437)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Eileen Solis, Temporary Judge. (Pursuant to Cal. Const., art. VI, §21.) Affirmed. Respondent's Motion to Dismiss. Denied. Respondent's Request for Judicial Notice. Denied. Respondent's Motion for Sanctions. Denied. Appellant's Request to File Late Reply Brief. Denied.

Nga Huynh, in pro. per.

Stegmeier, Gelbart, Schwartz & Benavente, and Jason M. Schwartz, and Garrett C. Dailey, for Defendant and Respondent.

*      *      *

Nga Huynh appeals from the California family court's (the court) order determining the State of Nevada has jurisdiction of her son pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Family Code, §§ 3400 et seq.[1] Respondent Joseph DeSimone argues the appeal should be dismissed because Nevada has exclusive jurisdiction. We disagree because whether Nevada has exclusive jurisdiction is subject to appellate review. Turning to the merits, we conclude Huynh forfeited her appellate claims by failing to cite to the full record or to proper legal authority. Accordingly, we affirm the court's order.

In reply, in support of their motion to dismiss the appeal, DeSimone requests this court sanction Huynh, including for citing nonexistent cases, a practice which creates inefficiencies for lawyers and the courts and promotes cynicism about the legal profession and the American judicial system. Although citation of fictitious cases is sanctionable conduct, we conclude sanctions are not warranted in this case.[2]

---

[1] All further statutory references are to the Family Code, unless stated otherwise.

[2] Prior to her appearance on the day of oral argument, Huynh attempted to file a late reply brief, which we rejected. During oral argument, she requested leave to file a late reply brief. We deny leave because she did not present sufficient reasons to explain her lack of diligence and overcome the prejudice to the other party.

STATEMENT OF THE CASE

Huynh, a California resident, and DeSimone, a Nevada resident, never married, but have a son, who was born in July 2022. On January 3, 2023, DeSimone filed a complaint to establish paternity and child custody in Nevada family court.

On April 21, 2023, Huynh filed a Petition to Determine Parental Relationship (Petition) in California. She requested child custody and visitation orders, as well as an order shortening the time for an UCCJEA conference with the Nevada family court to determine jurisdiction. At the time, Huynh was represented by attorneys in California and Nevada.

On May 25, 2023, DeSimone filed a request for, among others, an order quashing Huynh's Petition. Alternatively, he requested a stay of the California action and a conference with the Nevada family court to determine the more appropriate forum.

Subsequently, Judge Mary Perry of the Nevada family court and Temporary Judge Solis held an initial discussion to discuss the case. On June 15, 2023, a UCCJEA conference was held jointly by the Nevada family court and the court. The parties' California attorneys were physically present in the California courtroom, and their Nevada attorneys and Judge Perry appeared remotely. The proceedings spanned several days over two months. During this period, Huynh changed attorneys multiple times.

Following the hearing, at Huynh's request, the court issued a written statement of decision. The court summarized the parties' evidence before ruling on various issues under the UCCJEA. First, the court determined that neither California nor Nevada has "home state" jurisdiction under the UCCJEA because the child did not reside six consecutive months in either state prior to the commencement of the Nevada or California actions.

3

The court stated the parties agreed with this determination. Because there is no home state jurisdiction, the court analyzed the significant connections the child and parents have with the relevant states and whether any substantial evidence is available in the states concerning the child's care, protection, training, and personal relationships.

The court concluded the child had more significant connections to Nevada than California. Substantial evidence included the child seeing doctors, receiving immunization shots, and being fitted for a custom helmet to correct skull formation issues in Nevada. He also was baptized in Nevada, played the role of baby Jesus at Christmas Mass in Nevada, and attended football games and holiday celebrations in Nevada. His half-sister lived with the child for over five months in Nevada, and DeSimone has substantial connections to Nevada. As to California connections, the child was born in California and saw doctors in California following his birth. Huynh enrolled him in swim and sign language classes in California, but provided no details. As to Huynh's connections to the two states, she does not own property in California, but during the time period in question, co-owned a Nevada condominium with DeSimone. She has worked for DeSimone in Nevada, but there is no evidence that she worked in California.

Finally, the court concluded that Nevada was not an inconvenient forum because, among other factors, it is normal to hold remote hearings in Nevada, which is advantageous to Huynh because it reduces the significant wealth disparity between the parties. Additionally, California and Nevada are neighboring states, and the respective family courts have equal knowledge of the facts and issues. Based on its findings, the court concluded that Nevada should have full jurisdiction over the matter.

4

DISCUSSION

I.

APPLICABLE LAW

"The UCCJEA is the exclusive method of determining subject matter jurisdiction in child custody cases" (*Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1287 (*Schneer*).) "The UCCJEA is designed to avoid jurisdictional conflicts between states and relitigation of custody decisions, promote cooperation between states, and facilitate enforcement of another state's custody decrees." (*In re R.L.* (2016) 4 Cal.App.5th 125, 136.) "Subject matter jurisdiction over a child custody dispute either exists or does not exist at the time the petition is filed, and jurisdiction under the UCCJEA may not be conferred by mere presence of the parties or by stipulation, consent, waiver, or estoppel." (*Schneer*, at p. 1287.)

Section 3421, subdivision (a), sets forth four alternative bases for subject matter jurisdiction under the UCCJEA:

"(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

"(2) A court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that this state is the more appropriate forum under Section 3427 or 3428, and both of the following are true: [¶] (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence. [¶] (B) Substantial evidence is available in this

5

state concerning the child's care, protection, training, and personal relationships.

"(3) All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 3427 or 3428.

"(4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3)."

"Home state" under the UCCJEA means, "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period." (§ 3402, subd. (g).) "Temporary absence" requires consideration of the parents' intentions, as well as other factors relating to the departure circumstances. (See, e.g., *In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 493, fn. 12 (*Nurie*) ["both parents intended for Son to return to California . . . . Because the trip at least began as a 'temporary absence,' under any applicable standard, the time Son spent in Pakistan before Wife informed Husband that she would not return to California should be considered part of Son's period of residence in California"].)

"'The UCCJEA takes a strict "first in time" approach to jurisdiction. Basically, subject to exceptions not applicable here [citations], once the court of an appropriate state (Fam. Code, § 3421, subd. (a)) has made a "child custody determination," that court obtains "exclusive, continuing jurisdiction. . . ." (Fam. Code, § 3422, subd. (a).) The court of

6

another state: [¶] (a) Cannot modify the child custody determination (Fam. Code, §§ 3421, subd. (b), 3422, subd. (a), 3423, 3446, subd. (b)); [and] [¶] (b) Must enforce the child custody determination (Fam. Code, §§ 3443, 3445, 3446, 3448, 3453). . . .'" (*Nurie, supr*a, 176 Cal.App.4th at p. 491.)

"[A]s with any statute, interpretation of the UCCJEA is a question of law we review de novo." (*Schneer*, *supra*, 242 Cal.App.4th at p. 1287.) However, the findings of fact made by the family court in determining jurisdiction under the UCCJEA are "reviewed under the deferential substantial evidence standard" and its "resolution of conflicts in the evidence and credibility assessments are binding on this court." (*Id*. at pp. 1286–1287, fn. omitted.) The family court's decision to decline jurisdiction on the ground of inconvenient forum, as well as its failure to do so, is reviewed for an abuse of discretion. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 311–313.)

II.

DISCUSSION

A. *Motion to Dismiss Appeal*

DeSimone argues this court should dismiss the appeal because Nevada has exclusive jurisdiction under the UCCJEA. Section 3422 provides that "a court of this state that has made a child custody determination consistent with Section 3421 or 3423 has exclusive, continuing jurisdiction over the determination," until it determines jurisdiction has been lost. (See *Segal v. Fishbein* (2023) 89 Cal.App.5th 692, 704 ["[S]ection 3422 'unambiguously gives the *decree* state sole power to decide whether jurisdiction has been lost on this basis'"].) Nevada made the initial custody determination on November 30, 2023, after the California and Nevada family courts held the joint UCCJEA conference. Thus, DeSimone argues, California courts cannot entertain any challenges to Nevada's jurisdiction over the child.

We disagree. DeSimone's dismissal motion is predicated on the initial custody determination being "consistent with Section 3421 or 3423," which requires appellate review of the court's determination. Accordingly, we have appellate jurisdiction to review the court's order finding Nevada has subject matter jurisdiction over the child under the UCCJEA.[3]

B. *Forfeiture of Appellate Claims*

Huynh challenges the court's determination that Nevada has jurisdiction over her son on several grounds. First, she contends California is the home state because her presence and the child's presence in Nevada during the relevant time periods were temporary absences. She does not address her counsel's concessions during the hearing that California does not have home state jurisdiction. Second, she argues the court erred in its analysis of the significant connections test. She cites several facts supporting significant connections to California, but did not cite to the record. Instead, her appellate brief left the record citations incomplete, stating "(CT [insert reference])" numerous times. She also does not cite the evidence supporting the court's ruling. Third, she argues the court erred by not recognizing Nevada as the inconvenient forum. In connection with this appellate claim, Huynh cites two nonexistent cases. The first fictitious case (*In re Marriage of Handley*) was cited for the argument that the standard of review is abuse of discretion. The second case (*In re Marriage of Akins*) was cited for the proposition that substantial wealth disparity is a factor in determining the convenient forum. Finally, Huynh contends the court erred when it held an unrecorded conference call with the Nevada family court without the

---

[3] We deny the related Request for Judicial Notice because it concerns documents not relevant to the issues in this appeal.

participation or presence of the parties. She acknowledges the court referenced this call in its statement of decision, but does not address why she failed to raise any objection below. She also asserts this alleged procedural error was prejudicial without any further argument.

Huynh's first three claims of error implicate the court's factual findings. Whether an absence is temporary for home state jurisdiction, whether there are significant connections, and whether a forum is more appropriate than another forum all require findings of facts and weighing those facts. Here, both parties presented facts that would lead to differing results. As noted, in UCCJEA proceedings, where jurisdictional facts are disputed, we review the court's factual determinations for substantial evidence. (See *Schneer*, *supra*, 242 Cal.App.4th at pp. 1286–1287.) A party challenging a ruling for lack of substantial evidence must "'set forth, discuss, and analyze *all* the evidence on that point, *both favorable and unfavorable*.'" (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246.) "Unless this is done the error is deemed to be waived." (*Ibid*.) Additionally, "[a]n appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 589.) By failing to cite evidence supporting the order and explain why such evidence is insufficient, Huynh has forfeited her first three appellate claims.

Her third claim also is forfeited for the separate reason that she cites fictitious cases, which is sanctionable.

Finally, her fourth and last claim of error relating to the initial conference call between the judicial officers is forfeited because she does not explain why she failed to object below or why the alleged procedural error is prejudicial. (See *Doers v. Golden Gate Bridge Etc. Dist*. (1979) 23 Cal.3d 180,

9

184, fn. 1, overruled in part on other grounds by *Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 573, 582, fn. 4.) ["'An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method'"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].) In sum, Huynh has forfeited her appellate claims.

C. *Request for Sanctions*

DeSimone requests this court sanction Huynh for filing the appeal. He argues the appeal is frivolous because (1) the appeal is moot for lack of jurisdiction, as argued in his Motion to Dismiss, (2) Huynh failed to comply with the rules of appellate procedures by fairly summarizing the evidence or presenting cogent arguments, and (3) Huynh cited nonexistent cases. As we concluded above, the appeal is not moot because we have appellate jurisdiction to review whether the Nevada family court has jurisdiction under the UCCJEA. As for Huynh's failure to present reasoned arguments or record citations, her resulting forfeiture of those claims on appeal is a sufficient sanction. (Cf. *Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98 ["We do not believe it is appropriate to hold a propria persona appellant to the standard of what a 'reasonable attorney' should know is frivolous unless and until that appellant becomes a persistent litigant"].)

As for Huynh's references to nonexistent cases, substantial authority supports sanctions for such misconduct, even when committed by a self-represented litigant. "[Self-represented] litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th

10

536, 543.) Moreover, self-represented litigants have been sanctioned for citing fictitious cases. (See, e.g., *United States v. Hayes* (E.D. Cal. 2025) 763 F.Supp.3d 1054, 1071 [collecting cases, including Maine case imposing sanctions "to deter other litigants from 'blindly' relying on AI-generated filings]; *Kruse v. Karlen* (Mo.Ct.App. 2024) 692 S.W.3d 43, 54 [sanctioning propria persona party who cited fictitious cases in appellate brief $10,000 in attorney fees because it is "a necessary and appropriate message in this case, underscoring the importance of following court rules and presenting meritorious arguments supported by real and accurate judicial authority"].)

Nevertheless, we concluded sanctions are not warranted in this case. DeSimone's request for sanctions was made not by formal motion, but in reply to Hyunh's opposition to the motion to dismiss and referenced again in the respondent's brief. Neither is appropriate. (See *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919 [denying sanctions request because litigant "has not filed a separate sanctions motion as required by California Rules of Court, Rule 8.276(b)(1). Sanctions cannot be sought in the respondent's brief"].) Moreover, the requested sanctions in the amount of $10,000 is grossly excessive in terms of what was necessary to correct the inaccuracy. Indeed, although fictitious, the cases were cited to support legal contentions that are correct statements of the law and supported by extant cases. This fact mitigates against the amount of the requested sanctions and sanctions in general. In addition, we recognize Huynh promptly removed the challenged citations in corrected filings after being apprised of her errors.

It is a serious and sanctionable action to cite fictitious cases on appeal. All parties, whether self-represented or not, must strive to include proper legal authorities in support of their arguments. Blind reliance on cases generated by artificial intelligence damages the litigant's credibility

11

with the court when the cases are fictitious. Responding to the fictitious cases wastes the limited resources of the courts. Although we decline to impose sanctions in this case, self-represented litigants who cite fictitious cases in future appeals may not be so fortunate to avoid monetary or other sanctions.

DISPOSITION

The order is affirmed. Respondent is awarded his costs on appeal.

DELANEY, J.

WE CONCUR:

MOTOIKE, ACTING P.J.

MOORE, J.