Filed 5/27/26  Tedesko v. Crawley CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JENNIFER TEDESKO,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRYAN CRAWLEY,<br><br>        Defendant and Appellant. | A173625<br><br>(Marin County Super. Ct.<br> No. FL 2001314) |

In this family court action, Bryan Crawley appeals from the court's Findings and Order After Hearing dated April 28, 2025 (the challenged order), in which the court: (1) imposed discovery sanctions against him in the amount of $13,970.50; (2) awarded $20,000 to reimburse Jennifer Tedesko for private school tuition for one of their children; and (3) awarded $12,000 to Tedesko for items taken by Crawley from a storage unit.  We conclude Crawley has failed to provide an adequate record to permit us to determine if the family court erred.  We affirm.

## BACKGROUND

Bryan Crawley and Jennifer Tedesko married in 2011 and had four children.  In 2020, Tedesko petitioned for dissolution.

In 2021, the family court entered a judgment of dissolution.

1

The family court ordered property division as set forth in a stipulation attached to the judgment, which provided, among other things, that the "parties shall forthwith cooperate to transfer assets." Relevant to this appeal, the stipulation further provided that "50% of the balance" in two 529 plans were to be "rolled over" to Tedesko,[1] and, with regard to personal property, that "[Tedesko] will continue to pay the storage costs" and "[t]he parties will exchange lists of items they want within 30 days."

We are significantly hampered in summarizing the facts and procedural history of this matter because the appellate record provided by Crawley does not contain any of the parties' filings. Here, we rely on the family court's discussion in the challenged order for background. From what we can discern, on January 16, 2025, Tedesko filed a Request for Order, which is not part of the record before us. According to the family court's discussion in the challenged order, Tedesko argued that Crawley sold property in their storage unit and retained the proceeds and that Crawley "delayed the division of the children's 529 account, resulting in $10,000 in tuition costs that were not reimbursed." Additionally, according to the challenged order, Crawley apparently filed a declaration asking the family court to deny Tedesko's request for damages.

On February 7, 2025, Tedesko filed another Request for Order, which also is not in the record before us. Again relying on the family court's description in the challenged order, we discern that Tedesko sought discovery sanctions, Crawley filed a declaration asserting that "all discovery disputes

---

[1] On appeal, only the 529 plan for their oldest child appears to be at issue.

2

have been resolved," and Tedesko filed a declaration of "non-resolution." None of these filings are part of the record before us.

In April 2025, the family court held a hearing on multiple issues, including the two Requests for Orders (January 16 and February 7) discussed above. From what we can discern from the transcript of the hearing, regarding the 529 funds, Tedesko's counsel stated that Crawley did not sign a document to roll over the funds until August 2024, two years and five months after his signature was requested. Crawley's counsel stated that Tedesko "got half of the account as of August" 2024, and the family court asked: "Doesn't the judgment provide that [Crawley] cooperate with . . . how [the 529 plan is] distributed?"

Regarding the items taken by Crawley from the storage unit, Tedesko's counsel stated: "[Tedesko's] total demand was for $14,823 for multiple items of personal property that were taken." "On my spreadsheet, the wedding dress was zero because it was returned." Crawley's counsel stated: "The dress was already returned—that's a nonissue—and the other items do not total nearly $12,000." He also stated: "[T]he personal property items listed in dispute totaled about $14,000 if they were new items. These were used furniture items . . . [¶] . . .; so we would ask the Court to go back to the spreadsheet that we attached to our pleadings . . . and to use that as the more reasonable fair market value of those items. . . ." "We believe the proper number for those items is approximately $1,762.50."

On April 28, 2025, the family court issued the challenged order, which, among other things, stated: "Wife's request for discovery sanctions is GRANTED in the amount of $13,970.50. Code of Civil Procedure §2031.310. Husband's transactions on both Coinbase and Venmo would not have been discovered but for Wife moving to compel further online statements." The

3

challenged order also stated: "Wife's request for roll-over $20,000 from the 529 Plan Division is GRANTED. This funding will reimburse Wife for private school tuition for [their oldest child]." The challenged order also stated: "Wife's request for reimbursement of items taken by Father from a community storage unit, including her wedding dress, which she discovered he was selling for $6,000 on StillWhite.com, is GRANTED in the amount of $12,000."

Crawley appealed.

The appellate record contains a reporter's transcript of the hearing and a clerk's transcript with, as pertinent here, the judgment of dissolution and attached stipulation, the challenged order, and the register of actions. It does not include any of the parties' filings.

## DISCUSSION

A. *Principles of Appellate Practice*

" 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. . . . [Citation.] " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an

4

issue requires that the issue be resolved against [the appellant].' " '
[Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).)

Further, California Rules of Court, rule 8.204(a)(1)(C), states that each appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." "The Courts of Appeal 'have the discretion to disregard contentions unsupported by proper page cites to the record' [citation] and will conclude that parties forfeit arguments by failing to support statements in the argument section of a brief with record citations." (*Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 596 (*Wentworth*).)

These principles apply even when parties represent themselves, as Crawley and Tedesko do here, because "[w]e treat a party who represents himself on appeal as we would any other party or attorney." (See *Denny v. Arntz* (2020) 55 Cal.App.5th 914, 920.)

B.     *Analysis*

Crawley has failed to provide an adequate appellate record for us to meaningfully review, as the clerk's transcript does not include the relevant Requests for Orders or any other filings considered by the family court. For this reason alone, Crawley's appeal must " 'be resolved against [him].' " (*Jameson, supra,* 5 Cal.5th at p. 609.)

1.     <u>Discovery Sanctions</u>

In the absence of the parties' filings, we cannot determine on this record whether the family court abused its discretion in imposing discovery sanctions, as Crawley contends.[2] Without even the filings discussed by the

---

[2] "We review discovery orders for abuse of discretion. [Citation.] A court ' "has broad discretion in deciding whether to impose sanctions and in setting the amount of monetary sanctions." ' [Citation.] We review factual

family court and alluded to by the parties at the hearing, we cannot assess the merits of Crawley's arguments that his conduct was substantially justified and in good faith, that Tedesko's motion to compel was unnecessary and procedurally defective, that Tedesko suffered no prejudice, and that the sanctions are disproportionate to his conduct. Because the record Crawley provided is " ' "inadequate for meaningful review," ' " we presume that the family court reasonably exercised its discretion in imposing discovery sanctions. (See *Jameson, supra*, 5 Cal.5th at p. 609.)

Furthermore, Crawley has failed to adequately support his argument that the family court abused its discretion in awarding discovery sanctions with citations to the limited record that he did provide. (See *Wentworth, supra,* 105 Cal.App.5th at p. 596.) There are only a few citations to the hearing transcript, and the citations do not adequately support his argument.[3]

---

findings for substantial evidence—resolving evidentiary conflicts in favor of the ruling—and independently review any legal conclusions." (*Morales v. City and County of San Francisco* (2025) 114 Cal.App.5th 43, 49.)

[3] For example, Crawley contends that "[a]ll responsive documents— including screen-shots and customized reports from Coinbase and Venmo— were produced prior to the filing of Jennifer's motion to compel." But the cited transcript page does not discuss the timing of his discovery productions. Crawley further contends that Tedesko suffered no prejudice because the "information ultimately obtained by subpoena was identical in substance to what [he] had already produced," with no citation to the record. In the absence of adequate citations to the record, we conclude that Crawley forfeited his argument that family court abused its discretion. (See *Wentworth, supra,* 105 Cal.App.5th at p. 596.)

2. <u>The 529 Funds</u>

As to Crawley's second issue, in the absence of the parties' filings, we cannot find that the family court erred in awarding $20,000 to Tedesko in connection with the 529 funds.

Crawley principally contends that the family court exceeded its jurisdiction by granting an award that contradicted the final judgment. But "[c]ourts have discretion in the area of enforcement of family law judgments." (*In re Marriage of Schofield* (1998) 62 Cal.App.4th 131, 135, citing Fam. Code, § 290 [" 'A judgment or order made or entered pursuant to this code may be enforced by the court by . . . such other order as the court in its discretion determines from time to time to be necessary' "].) Here, the stipulation attached to the judgment of dissolution required Crawley to "forthwith cooperate to transfer assets," including by rolling over half of the 529 plans to Tedesko. At the hearing, Crawley's counsel conceded that Tedesko did not get "half of the account" at issue until August 2024. Thus, the family court appears to have had discretion to enforce the judgment in light of Crawley's apparent delay in rolling over half of the 529 funds. But we cannot know that for certain based on the record before us. Crawley's failure to provide an adequate record on this issue requires that it be resolved against him. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

Nor can we determine whether the family court abused its discretion, as Crawley contends, in awarding $20,000 to Tedesko. Crawley argues that the order unjustly enriched Tedesko because she had already received her 50 percent share of the 529 plan and did not sustain any financial loss or harm. Without even the filings discussed by the family court in the challenged order, we cannot meaningfully review the family court's exercise of discretion, and we presume that the family court reasonably exercised its

7

discretion in awarding $20,000 to Tedesko. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

Furthermore, Crawley forfeited his argument that family court abused its discretion because he has failed to adequately support his argument with citations to the record. (See *Wentworth*, *supra,* 105 Cal.App.5th at p. 596.) He cited only three pages from the judgment of dissolution and one page from the challenged order, solely to quote the ruling on this issue. These citations to the record are inadequate to support his argument, because they do not tell us anything about what happened in between the judgment and the challenged order.

3.     Items Taken from the Storage Unit

Finally, we cannot determine on the record before us that the family court abused its discretion, as Crawley contends, in awarding Tedesko $12,000 for items taken by Crawley from a community storage unit.[4] Crawley's principal contention is that the family court abused its discretion by awarding Tedesko the $12,000 purchase price of her wedding dress, which he had "retrieved" from a shared storage unit and "had been in [his] possession" until he "fully complied" with her request and returned it to her in "perfect condition." We cannot possibly find the trial court erred in ruling on the relevant Request for Order (the one filed on January 16, 2025, according to the challenged order) when Crawley has not provided it to us for review.

---

[4] As we have noted, the stipulation attached to the judgment of dissolution provided: "[Tedesko] will continue to pay the storage costs . . . . The parties will exchange lists of items they want within 30 days." Because courts have discretion in the area of enforcement of family law judgments (*In re Marriage of Schofield*, *supra*, 62 Cal.App.4th at p. 135), the applicable standard of review is abuse of discretion.

Furthermore, Crawley's argument appears to be contradicted by the hearing transcript, which shows that the parties were disputing the value of items, other than the wedding dress, that Crawley took from the storage unit. Tedesko's counsel explained that Tedesko was not seeking reimbursement for the wedding dress. Counsel stated: "On my spreadsheet, the wedding dress was zero because it was returned." Crawley's counsel likewise stated that the dress was a "nonissue" because it was already returned. He also stated: "[T]he personal property items listed in dispute . . . were used furniture items . . . [¶] . . .; so we would ask the Court to go back to the spreadsheet that we attached to our pleadings . . . and to use that as the more reasonable fair market value of those items." Based on the hearing transcript, Crawley's argument on appeal that the family court awarded Tedesko "the retail value of a wedding dress that had been returned in perfect condition" appears to be an unsupported assertion. In any event, because Crawley failed to provide an adequate appellate record, we presume that the family court reasonably exercised its discretion in awarding reimbursement to Tedesko for items, other than the wedding dress, that he took from the storage unit. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

C.    *Tedesko's Request for Sanctions on Appeal*

In her respondent's brief, Tedesko concludes by asking us to "strongly contemplate issuing sanctions" against Crawley. However, Tedesko has not filed a separate sanctions motion supported by a declaration as required by California Rules of Court, rule 8.276(a), (b). Sanctions cannot be sought in a respondent's brief. (*Cowan v. Krayzman* (2011) 196 Cal.App.4th, 907, 919.) The request for sanctions is therefore denied. (See *Bak v. MCL Financial Group, Inc.* (2009) 170 Cal.App.4th 1118, 1127-1128 [failure to comply with procedure for requesting appellate sanctions is grounds to deny the request].)

9

## DISPOSITION

The challenged order is affirmed.  Tedesko shall recover her costs on appeal.

            _____

             Miller, J.

WE CONCUR:

_____

Stewart, P. J.

_____

Desautels, J.

A173625, *Tedesko v. Crawley*